UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Cr. 07-00008-01ML

VILMA MORALES

SENTENCING MEMORANDUM ON BEHALF OF VILMA MORALES

This memorandum sets forth factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. ' 3553(a). Essentially here the court is presented with sentencing an individual with no criminal record. She faces deportation following completion of her sentence and has since the date of her arrest been separated from the three children who she has been the primary care taker of all of their lives, Christina Morales, age 11, Jennifer Morales, age 9 and German Morales age 17 months. The children though U.S. citizens were removed to Guatemala by relatives to the very remote community of Zacapa, Guatemala. There they currently can not attend school and the youngest, suffering a pneumonia condition reportedly has required frequent hospitalization.

It is submitted that deterrence objectives have been satisfied with the defendant's current period of incarceration. It is clear that the defendant herself was not the prime mover in this transaction and stood to gain little from it. The havoc it has caused to the lives of her children and herself however are significant.

Sentencing under Booker

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines@ in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18

U.S.C. ' 3553(b)(1) or which rely upon the Guidelines=s mandatory nature, 18 U.S.C. ' 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. ' 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see ' 3553(a).

Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. ' 3553(a). The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.@ Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, ' 3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (' 3553(a)(1);

2) the kinds of sentences available (' 3553(a)(3);

3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (' 3553(a)(6); and

4) the need to provide restitution to any victims of the offense. (' 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. ' 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to

recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation (emphasis added).

Under 18 U.S.C. ' 3661, no limitation shall be placed on the information concerning the background, character, and conduct of the defendant which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendants age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. ' 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, F. Supp. 2d , 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendants youth when he committed his predicate offenses

he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles). The directives of Booker and ' 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the ' 3353(a) factors, many of which the guidelines either reject or ignore. United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives heavy weight to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in Booker.@ United States v. Jaber, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence), rehearing en banc granted, 401 F.3d 1007 (9th Cir. 2005). Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise, if it thought the Guidelines not only had to be considered (as the amputated statute requires) but had generally to be followed its opinion would surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider all of the ' 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in ' 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in

part, dissenting in part) (arguing that since ' 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

Application of the Statutory Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

(a) Nature and Circumstances of Offense

The offense of conviction was that Vilma Morales was an Illegal Alien In Possession of a Firearm, in violation of Title 18, United States Code, §922(g)(5). She entered a guilty plea to a one count information. Ms. Morales while admittedly a part and participant in the purchase and possession of the firearm certainly can not be said to be a prime mover in the affair. Rather the making of the meeting was arranged by a Carlos Vargas and later Jairo Portillo. While she did take possession of the Cobray, the sums used to pay from it came from her husband. In Agent Wing Chau's affidavit in support of the complaint in this

matter at paragraph 12 he specifically states that the defendant ordered a semi automatic weapon. While she ultimately took possession of the fully automatic there is no demonstration that she was familiar with the distinctions. What is clear is that her sentence is enhanced under §2K2.1(a)(4(B).

(b) History and Characteristics of Ms. Morales

Here it urged that this court consider the fact that Ms. Morales has three children, now in meager and remote conditions in Guatemala. As stated these children range in age from 11 to 17 months. Bernardo Rojas a co-defendant is their father, referred to as her husband. They reside with the elderly mother of Bernardo Rojas. She has is the caretaker of the children. She worked low paying jobs at odd hours to help provide for their support. She also sent money home regularly to help support two other children from a prior relationship, Ariel age 20 and Maria age 16. They are poor and were dependent on Ms. Morales' support. She is very worried about their welfare. Maria suffers chronic asthma.

Ms. Morales has suffered the separation from her children and her palpable worries and fears for their welfare. She is very tearful and troubled most days. She is hampered by a language barrier only speaking Spanish. She has been taking classes in English offered in the Women's Division. She was

seen once by a psychiatrist she has not followed up. It is submitted that there are grounds here for the court to consider a variance from the guideline sentence.

2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:

(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

Here it is submitted that the objective has been met. The defendant has been held since November 3, 2006. Here while the offense did involve possession of a firearm, it is submitted that motives here were economic. Defendant stood to gain little. Certainly any witness to the upheaval the arrest and detention have caused the defendant and her children would have cause to respect the la. The defendant certainly has been punished and it is argued justly through the time she has already served.

(B) to afford adequate deterrence to criminal conduct

Certainly it is argued again that anyone witness to the great cost to the defendant's life and family would be deterred from this form of conduct. It is argued the objective has been met.

(C) to protect the public from further crimes of the defendant

The defendant will be deported after her sentence. She will be rejoining her children and supporting them as she has until her arrest. The public is adequately protected at this point.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

It is respectfully submitted that the defendant will have to return to Guatemala to make a basic living to support here family. It would be in the great interest of her young children were she be allowed to do so.

3. The Kinds of Sentences Available

In Booker, the Supreme Court severed and excised 18 U.S.C. ' 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 125 S. Ct. at This renders the sentencing guidelines advisory. Id.

Here the presentence report points out that defendant is subject to a guideline range of 24 to 30 months. It also points out the defendant is eligible for probation per 18 USC §3561 though the now advisory guidelines preclude it.

Here it is respectfully argued that the court consider imposing the time which the defendant has already served as a variance from the guideline sentence. In the alternative it is proposed that split sentence recognizing the time served or finally a twelve months and one day sentence be considered by this court.

4. The Sentencing Range Established by the Sentencing Commission

Here the range at offense level 17 with zero criminal history is 24 to 30 months.

5. The Need To Avoid Unwarranted Disparities

There are unique factors here that would not be present in the ordinary case. The defendant will be deported following her release and will not be eligible for half way houses or home confinement for the final stage of her release.

6. The need to provide restitution to any victims of the offense
Conclusion

The defendant respectfully submits there is no restitution connected to the instant offense.

For the foregoing reasons, Vilma Morales respectfully submits that a sentence equal to her current period of incarceration is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. ' 3553(a).

Respectfully submitted,
/s/George J. West

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903
401-861-9042
Fax 401-861-0330
Georgew180@aol.com

Certificate

I sent a copy of the foregoing to Peter F. Neronha, Esq., A.U.S.A. peter.neronha@usdoj.gov at the Office of the U.S. Attorney, 50 Kennedy Plaza-8th Floor, Providence, RI 02903 via the court ECF system this 15th day of May 2007.

/s/George J. West